UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19cv62194

YAZAN SALEH,

    Plaintiff,

v.

CHASE BANK USA, N.A.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff YAZAN SALEH ("Plaintiff"), sues Defendant CHASE BANK USA, N.A. ("Defendant") for violating the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"),

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

1. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

2. Defendant is a Delaware corporation with a principal place of business located in Wilmington, Delaware.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## ALLEGATIONS

4. Plaintiff is the sole subscriber of the cellular telephone number 786-683-2247 ("Plaintiff's Cellphone").

5. On a date better known by Defendant, Defendant began calling Plaintiff's Cellphone regarding an alleged account Plaintiff had with Defendant on a regular and multiple time a day, basis. In particular, Defendant was calling Plaintiff in an attempt to collect a debt.

6. On numbers occasions, when Plaintiff answered a call from Defendant, Plaintiff would hear either an extended pause before a representative would come on the line, or an automated message telling Plaintiff that the call was from Defendant and to please return Defendant's call at a provided number.

7. Defendant utilized a combination of hardware and software systems to place calls to Plaintiff's Cellphone. These systems utilized by Defendant have the current capacity or present ability to store telephone numbers and dial stored numbers automatically, to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

8. The combination of hardware and software systems used by Defendant place calls to Plaintiff's Cellphone meet the statutory definition of an automated telephone dialing system ("ATDS") under the TCPA.

9. Prior to June 25, 2019, all calls Defendant made to Plaintiff's Cellphone were made without Plaintiff's prior express consent.

10. On June 25, 2019, in response to the frequency at which Defendant was calling

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Cellphone, as well as the intrusive nature of receiving telephone calls from Defendant on a nearly daily basis, Plaintiff instructed Defendant to *only* call Plaintiff's Cellphone on Wednesdays, as any other day of the week, or weekend, was inconvenient.  Plaintiff also reiterated these instructions on other occasions.

11.	In particular, on June 25, 2019, Plaintiff *revoked* any consent or approval Defendant *may have had* to call Plaintiff's Cellphone, and in so doing, provided Defendant with limited consent to call Plaintiff's Cellphone, but only on a specific day of the week, *i.e.*, Wednesdays. Defendant, however, paid no heed and continued calling Plaintiff freely and without limitation.

12.	Since June 25, 2019, despite Plaintiff's instructions, Defendant has called Plaintiff's Cellphone more than fifty (50) times on days other than Wednesday.

13.	Subsequent to June 25, 2019, all calls Defendant placed to Plaintiff's Cellphone on days other than Wednesday were made without Plaintiff's express consent.

14.	Subsequent June 25, 2019, Defendant knew or should have known that all calls Defendant was placing to Plaintiff's Cellphone on days other than Wednesday were being made without Plaintiff's express consent.

15.	As of the filing of this Complaint, Defendant continues to call Plaintiff's Cellphone on days other than Wednesday.

16.	As a result of Defendant calling Plaintiff's Cellphone inconsistent with limited consent parameters Plaintiff provided to Defendant on June 25, 2019, Plaintiff has suffered actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion.

17.	Plaintiff was also affected in a personal and individualized way by stress, nervousness, resulting in loss of sleep and anxiety.

18.	All calls Defendant placed to Plaintiff's Cellphone were received by Plaintiff within

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

this district.

19. None of Defendant's calls to Plaintiff's Cellphone were for emergency purposes.

## COUNT I.
## VIOLATION OF THE TCPA

20. Plaintiff incorporates by referenced paragraphs 1-19 of this Complaint as thought fully set forth herein.

21. The TCPA prohibits anyone from using an automated telephone dialing system to call a cell phone number without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii).

22. As set forth in more detail above, all calls made to Plaintiff's Cellphone by Defendant were made using an ATDS and, often, pre-recorded voice.

23. With respect to the matter at hand, prior to June 25, 2019, Defendant did not have Plaintiff's prior express consent to make *any* of the calls Defendant placed to Plaintiff's Cellphone. In the same vein, subsequent to June 25, 2019, all calls Defendant made to Plaintiff's Cellphone on any day other than Wednesday were made by Defendant without Plaintiff's express consent.

24. At minimum, after June 25, 2019, all calls Defendant made to Plaintiff's Cellphone, on any day other than Wednesday, were knowingly made without Plaintiff's express consent and in violation of the TCPA.

25. Simply put, Defendant has repeatedly placed non-emergency telephone calls to Plaintiff's Cellphone using an ATDS and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

26. As a result of Defendant's unlawful calls to Plaintiff's Cellphone, Plaintiff suffered harm and injury as set forth above.

27. **WHEREFORE**, Plaintiff, respectfully, requests this Court to enter a judgment

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant, awarding Plaintiff the following relief::

    (a)    Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    (b)    A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cell phones using an automatic telephone dialing system and/or a prerecorded voice message;

    (c)    A declaration that Defendant used an automatic telephone dialing system and artificial or prerecorded voice, and violated the TCPA in using such for calls to the cell phones of plaintiff and the class; and

    (d)    Any other relief the Court finds just and proper.

## *COUNT II.*
## **VIOLATION OF THE FCCPA**

28. Plaintiff incorporates by referenced paragraphs 1-27 of this Complaint as thought fully set forth herein.

29. At all times material, Defendant is an entity whose conduct must conform to the requirements of Fla. Stat. § 559.72(7) and Fla. Stat. § 559.72(9).

30. As set forth above, each of Defendant's calls to Plaintiff's Cellphone were done and/or placed to Plaintiff in an attempt to collect a debt from Plaintiff. The debt which Defendant sought to collect from Plaintiff was one which Plaintiff incurred primarily for personal, family, and household purposes.

31. As noted above, Plaintiff explicitly informed Defendant to *only* call Plaintiff on Wednesdays, as any other day was inconvenient; however, despite full-well knowing this, Defendant continued to call Plaintiff's Cellphone on days other than Wednesday. Defendant knew or should have known that, by calling Plaintiff's Cellphone after Plaintiff explicitly asked Defendant to *only* call Plaintiff on Wednesdays would be reasonably expected to harass Plaintiff.

32. As such, Defendant has violated Florida Statute §559.72(7) by willfully

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

communicating with Plaintiff in such frequency as can reasonably be expected to harass Plaintiff.

33. In the same vein, Defendant has violated Florida Statute §559.72(9) by attempting to collect a debt from Plaintiff by and through telephone calls which violate the TCPA as set forth in *Count I*. Defendant knew or should have known that it (Defendant) did not have Plaintiff's consent to call Plaintiff in an attempt to collect a debt on any day *other than Wednesdays*. As such, by and through each unlawful call Defendant made to Plaintiff's Cellphone, Defendant was attempting to collect a debt from Plaintiff which Defendant knew it did not have the authority to attempt collect from Plaintiff.

34. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(d) Any other relief that this Court deems appropriate.

DATED: September 3, 2019

                                              Respectfully Submitted,

                                            /s/ Jibrael S. Hindi                              .
                                          **JIBRAEL S. HINDI, ESQ.**
                                          Florida Bar No.: 118259
                                          E-mail:     jibrael@jibraellaw.com
                                          **THOMAS J. PATTI, ESQ.**
                                          Florida Bar No.: 118377
                                          E-mail:     tom@jibraellaw.com
                                          The Law Offices of Jibrael S. Hindi
                                          110 SE 6th Street, Suite 1744
                                          Fort Lauderdale, Florida 33301
                                          Phone:       954-907-1136
                                          Fax:           855-529-9540

                                          *COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com