## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE  NO.  0:19-CV-62194

YAZAN SALEH,

                           Plaintiff,

      vs.

JPMORGAN CHASE & CO,

                          Defendant.      /

_____

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF DEFENDANT
## JPMORGAN CHASE BANK, N.A.

      Defendant JPMorgan Chase Bank, N.A., erroneously sued as JPMorgan Chase & Co.

("Chase"), by and through its undersigned counsel, hereby submits its Answer and Affirmative

Defenses to the Complaint ("Complaint") filed by plaintiff Yazan Saleh ("Plaintiff") and its

Counterclaims.

## JURISDICTION AND VENUE

      1.      Answering Paragraph 1, Chase does not challenge jurisdiction for purposes of this

action only.  Except as expressly stated, Chase denies the allegations contained in Paragraph 1.

      2.      Answering Paragraph 2, Chase does not challenge supplemental jurisdiction for

purposes of this action only.  Except as expressly stated, Chase denies the allegations contained

in Paragraph 2.

      3.      Answering Paragraph 3, Chase does not challenge venue for purposes of this

action only.

## PARTIES

1.      Answering Paragraph 1[1], Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

2.      Answering Paragraph 2, Chase denies the allegations in Paragraph 2.

## DEMAND FOR JURY TIRAL

3.      Answering Paragraph 3, Chase admits that Plaintiff demands a trial by jury.

## ALLEGATIONS

4.      Answering Paragraph 4, Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

5.      Answering Paragraph 5, Chase admits that it contacted Plaintiff in relation to a debt Plaintiff owes Chase.  Chase otherwise denies the allegations contained in Paragraph 5.

6.      Answering Paragraph 6, Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

7.      Answering Paragraph 7, Chase denies the allegations contained therein.

8.      Answering Paragraph 8, Chase states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a further response is required, Chase denies the allegations contained therein.

9.      Answering Paragraph 9, Chase denies the allegations contained therein.

---

[1]Plaintiff restarts paragraph numbers at 1 in this section of the Complaint.  For consistency and clarity, Chase will respond to Plaintiff's allegations as he has numbered them.

NY 77835994

10.     Answering Paragraph 10, Chase admits that, on June 25, 2019, it contacted Plaintiff at the telephone number Plaintiff provided to Chase in relation to a debt Plaintiff owes Chase.  Chase denies the remaining allegations contained in Paragraph 10.

11.     Answering Paragraph 11, Chase admits that on June 25, 2019, it contacted Plaintiff at the telephone number Plaintiff provided to Chase in relation to a debt Plaintiff owes Chase.  Chase denies the remaining allegations contained in Paragraph 11 on the grounds that it calls for a legal conclusion.

12.     Answering Paragraph 12, Chase admits that it contacted Plaintiff at the telephone number Plaintiff provided to Chase in relation to a debt Plaintiff owes Chase.  Chase denies the remaining allegations contained in Paragraph 12.

13.     Answering Paragraph 13, Chase denies the allegations contained therein.

14.     Answering Paragraph 14, Chase denies the allegations contained therein.

15.     Answering Paragraph 15, Chase denies the allegations contained therein.

16.     Answering Paragraph 16, Chase denies the allegations contained therein.

17.     Answering Paragraph 17, Chase denies the allegations contained therein.

18.     Answering Paragraph 18, Chase lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

19.     Answering Paragraph 19, Chase admits the allegations contained therein.

## COUNT I

### (Violation of the TCPA)

20.     Answering Paragraph 20, Chase incorporates its responses to Paragraphs 1 through 19,  inclusive, as if fully set forth herein.

NY 77835994

21.     Answering Paragraph 21, Chase states that this Paragraph contains no allegations directed to Chase and therefore no response is required.  To the extent a response is required, 47 U.S.C. § 227(b)(1)(A)(iii) speaks for itself and Chase denies any allegations inconsistent therewith.

22.     Answering Paragraph 22, Chase states that this Paragraph contains a legal conclusion to which no response is required.  To the extent a further response is required, Chase denies the allegations contained therein.

23.     Answering Paragraph 23, Chase denies the allegations contained therein.

24.     Answering Paragraph 24, Chase denies the allegations contained therein.

25.     Answering Paragraph 25, Chase denies the allegations contained therein.

26.     Answering Paragraph 26, Chase denies the allegations contained therein.

27.     Answering Paragraph 27, Chase expressly denies that Plaintiff is entitled to any damages or relief whatsoever, including, without limitation, adjudication in Plaintiff's favor, statutory damages, injunctive relief, and/or declaratory relief.

## COUNT II

### (Violation of the FCCPA)

28.     Answering Paragraph 28, Chase incorporates its responses to Paragraphs 1 through 27,  inclusive, as if fully set forth herein.

29.     Answering Paragraph 29, Chase states that the Florida Statutes section 559.72(7) and Florida Statutes section 559.72(9) speak for themselves and Chase denies any allegations inconsistent therewith.

30.     Answering Paragraph 30, Chase admits that it contacted Plaintiff in relation to a debt Plaintiff owes Chase.  Chase lacks knowledge or information at this time sufficient to form

a belief as to the remaining allegations contained in Paragraph 30 and, on that cases, Chase

denies the remaining allegations contained therein.

31.     Answering Paragraph 31, Chase admits that it contacted Plaintiff at the telephone

number Plaintiff provided to Chase in relation to a debt Plaintiff owes Chase.  Chase otherwise

denies the allegations contained in Paragraph 31.

32.     Answering Paragraph 32, Chase denies the allegations contained therein.

33.     Answering Paragraph 33, Chase denies the allegations contained therein.

34.     Answering Paragraph 34, Chase expressly denies that Plaintiff is entitled to any

damages or relief whatsoever, including, without limitation, adjudication in Plaintiff's favor,

statutory damages, injunctive relief, and/or costs and attorney's fees.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, Chase

asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

35.     The Complaint fails to set forth facts sufficient to state a claim against Chase.

## SECOND AFFIRMATIVE DEFENSE
### (Consent)

36.     Plaintiff is barred from maintaining the alleged cause of action for violation of the

TCPA because Plaintiff provided his "prior express consent" within the meaning of the TCPA

for the calls allegedly placed to his purported cellular telephone number, which cannot be

revoked.  See 47 U.S.C. § 227(b)(1)(A); see also Reyes v. Lincoln Auto. Fin. Servs., 861 F.3d

51, 57 (2d Cir. 2017), as amended (Aug. 21, 2017) ("It is black-letter law that one party may not

alter a bilateral contract by revoking a term without the consent of a counterparty.").

NY 77835994

### THIRD AFFIRMATIVE DEFENSE
**(Bona Fide Error)**

37.     Plaintiff is precluded from any recovery because the allegedly wrongful conduct, if it occurred at all, resulted from a bona fide error.

### FOURTH AFFIRMATIVE DEFENSE
**(Ratification)**

38.     Plaintiff ratified the conduct alleged in the Complaint and therefore Plaintiff is barred from recovery against Chase.

### FIFTH AFFIRMATIVE DEFENSE
**(Waiver)**

39.     The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of the claims alleged in the Complaint and any relief sought thereby.

### SIXTH AFFIRMATIVE DEFENSE
**(Estoppel)**

40.     The Complaint is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the claims alleged in the Complaint and any relief sought thereby.

### SEVENTH AFFIRMATIVE DEFENSE
**(Good Faith)**

41.     With respect to the matters alleged in the Complaint, Chase at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against Chase.

### EIGHTH AFFIRMATIVE DEFENSE
**(Apportionment)**

42.     Chase is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Chase is found to be

NY 77835994

legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Chase parties, persons and entities, or the agents, servants and employees of such non-Chase parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## NINTH AFFIRMATIVE DEFENSE
### (Independent, Intervening Conduct)

43.     To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Chase denies, any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Chase.

## TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

44.     Plaintiff is precluded from any recovery from Chase, or any such recovery (if any) must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Damage/Failure to Mitigate)

45.     To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Chase denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE
### (Due Process)

46.     The imposition of liability and/or statutory damages as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

NY 77835994

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Set Off)

47.     Chase is entitled to a set off based upon Plaintiff's breach of contract for failure to pay a sum due on Plaintiff's account(s) with Chase.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Standing)

48.     The Complaint is barred, in whole or in part, on the grounds that Plaintiff lacks standing to assert any claims against Chase.  Plaintiff lacks both standing under Article III of the United States Constitution as he cannot establish that he has suffered a concrete injury in fact as well as statutory standing as the calls at issue do not fall within the scope of the TCPA.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Arbitration)

49.     Plaintiff's claims are subject to binding, individual arbitration, pursuant to the arbitration provision contained in the applicable account agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Laches)

50.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

51.     Chase expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER

**WHEREFORE**, Chase prays as follows:

1.      That the Complaint be dismissed with prejudice;

2.      That Plaintiff take nothing by virtue of this action;

3.      That judgment be entered against Plaintiff and in favor of Chase;

NY 77835994

4.      That Chase be awarded its attorneys' fees and costs incurred herein; and

5.      That the Court award any other and further relief it deems just and proper.

## COUNTERCLAIMS

Chase files the following Counterclaim against Plaintiff/Counter-Defendant Yazan Saleh ("Plaintiff/Counter-Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367. These Counterclaims arise out of the same common nucleus of facts on which the Complaint of Plaintiff/Counter-Defendant is based and do not require adding any other parties. A logical relationship exists between the Complaint and the instant Counterclaims. Judicial economy and fairness strongly favor determining all claims arising out of Plaintiff/Counter-Defendant's credit card account in one action.

2.      Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) as Chase is informed and believes, and on that basis alleges, that Plaintiff/Counter-Defendant resides in this district.

## PARTIES

3.      Chase is a national banking association organized and operating pursuant to the laws of the United States of America with its principal place of business in Columbus, Ohio.

4.      Chase is informed and believes, and on that basis alleges, that Plaintiff/Counter-Defendant resides within this district.

## FACTUAL BACKGROUND

5.      On or about October 22, 2016, and at Plaintiff/Counter-Defendant's request, Chase opened and issued a credit card account, currently ending in 1487, to Plaintiff/Counter-Defendant (the "1487 Account"). The 1487 Account is governed by a written Cardmember

Agreement (the "1487 Agreement").  Pursuant to the 1487 Agreement, Plaintiff/Counter-Defendant is personally liable for the 1487 Account.

6.     The current outstanding unpaid balance due on the 1487 Account owed by Plaintiff/Counter-Defendant, resulting from goods and services purchased by Plaintiff/Counter-Defendant, or others authorized by Plaintiff/Counter-Defendant to use the 1487 Account, is $52,083.38.

7.     The 1487 Account is delinquent and past due as a result of Plaintiff/Counter-Defendant's failure to pay according to the terms of the 1487 Agreement.

8.     The 1487 Agreement provides that the 1487 Account is governed by federal law and Delaware law.

9.     The 1487 Agreement further provides that, in the event that Plaintiff/Counter-Defendant fails to pay the amount owed on the 1487 Account, Chase is entitled to recover from Plaintiff/Counter-Defendant its collection costs, attorneys' fees, court costs, and all other expenses of enforcing Chase's rights under the 1487 Agreement.

## COUNT I – BREACH OF CONTRACT

10.    Chase re-alleges, and incorporates by reference, the allegations of Paragraphs 1 through 9 of its Counterclaim above.

11.    Pursuant to the terms of the 1487 Agreement, Plaintiff/Counter-Defendant agreed, in consideration of Chase extending credit, to pay for any transactions charged to the 1487 Account, including, as applicable, fees and finance charges.  In reliance upon the provisions of the 1487 Agreement, Chase did extend credit pursuant thereto at the request of Plaintiff/Counter-Defendant.

12.    Chase has duly performed all the conditions precedent on its part required to be performed under the 1487 Agreement.

13.     Plaintiff/Counter-Defendant has breached the 1487 Agreement by failing to make timely payments on the 1487 Account.  Accordingly, Chase seeks to recover from Plaintiff/Counter-Defendant the current balance owing on the 1487 Account, which is $52,083.38.

14.     Pursuant to the terms of the 1487 Agreement, Chase is entitled to interest on the unpaid principal sums advanced by Chase at the agreed contract rate of interest.  Chase will ask leave of this Court to amend its Counterclaim at the time of trial, to conform to proof, to state the exact amount of interest to which Chase is entitled.

15.     Chase has and will incur attorneys' fees and costs in connection with this matter, in an amount to be determined at trial, which Chase is entitled to recover from Plaintiff/Counter-Defendant pursuant to the 1487 Agreement.

## COUNT II – ACCOUNT STATED

16.     Chase re-alleges, and incorporates by reference, the allegations of Paragraphs 1 through 9 of its Counterclaim above.

17.     Plaintiff/Counter-Defendant has become indebted to Chase on the 1487 Account in the amount of $52,083.38.

18.     An account was stated in writing by and between Chase and Plaintiff/Counter-Defendant wherein it was agreed that Plaintiff/Counter-Defendant was indebted to Chase for the balance due on the 1487 Account.

19.     Chase has requested payment of the 1487 Account and Plaintiff/Counter-Defendant has failed and refused to make payments.  Chase alleges that there is an account stated by operation of law whereby Chase billed Plaintiff/Counter-Defendant for the balance on the 1487 Account and received no proper objections.

NY 77835994

## PRAYER FOR RELIEF

**WHEREFORE**, Chase prays for judgment against Plaintiff/Counter-Defendant, as follows:

1.      For the total principal sum of $52,083.38;

2.      For attorneys' fees according to proof;

3.      For prejudgment and post judgment interest according to proof;

4.      For costs of suit incurred; and

5.      For any other and further relief as the Court may deem just and proper.

Dated:  October 1, 2019.                    By:    /s/ *Brian C. Frontino*
                                                   Brian C. Frontino
                                                   Florida Bar No. 95200
                                                   David Switzler
                                                   Florida Bar No. 93089
                                                   STROOCK & STROOCK & LAVAN LLP
                                                   200 South Biscayne Boulevard, Suite 3100
                                                   Miami, Florida 33131
                                                   Telephone:  (305) 358-9900
                                                   Facsimile:  (305) 789-9302
                                                   bfrontino@stroock.com
                                                   dswitzler@stroock.com
                                                   lacalendar@stroock.com

                                                   *Attorneys for Defendant*
                                                        *JPMorgan Chase Bank, N.A., erroneously*
                                                        *sued as JPMorgan Chase & Co.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the

Clerk of the Court via CM/ECF on October 1, 2019, and served on all counsel and/or parties of

record listed below:

> Jibrael S. Hindi, Esq.
> Thomas John Patti III, Esq.
> The Law Offices of Jibrael S. Hindi
> 110 SE 6th Street, Suite 1744
> Fort Lauderdale, Florida  33301
> Telephone: (954) 907-1136
> jibrael@jibraellaw.com
> tom@jibraellaw.com
>
> *Counsel for Plaintiff*

*/s/ Brian C. Frontino*
Brian C. Frontino
