UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62194-Civ-COOKE/HUNT

YAZAN SALEH,

    Plaintiff,

vs.

CHASE BANK USA, N.A.,

    Defendant.
_____/

## ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL DEADLINES

Pursuant to Local Rule 16.1 and the Court's internal operating procedures, it is hereby **ORDERED** as follows:

1. **Trial Date and Calendar Call**.  This case is set for trial on the Court's two-week trial period commencing **Monday, September 14, 2020, at 9:30 a.m.,** before the undersigned United States District Judge at the Wilkie D. Ferguson, Jr. United States Courthouse, Courtroom 11-2, 400 North Miami Avenue, Miami, Florida 33128.  Calendar Call will be held on **Wednesday, September 9, 2020, at 3:00 p.m.,** at the same location.  The case will be assigned to the expedited case management track.

2. **Pretrial Conference**.  No Pretrial Conference will be held in this action, unless the Court determines that a pretrial conference is necessary.  Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order will remain unaltered.

3. **Pretrial Deadlines**.  The pretrial deadlines are as follows:

| | |
|---|---|
| December 20, 2019 | Defendant's response to Plaintiff's Statement of Claim |
| January 13, 2020 | Joinder of parties and claims, and amendment of pleadings. |
| January 27, 2020 | Parties must furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed will be permitted to testify unless good cause is shown and there is no prejudice to opposing party.  The parties are under a continuing obligation to supplement discovery responses within <u>ten days</u> of receipt or other notice of |

|  | new or revised information. |
|---|---|
| April 27, 2020 | All <u>fact</u> discovery must be completed. |
| April 27, 2020 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify.  Within the 14-day period thereafter, Plaintiff must make its experts available for deposition by Defendant. |
| May 12, 2020 | All dispositive pretrial motions and memoranda of law must be filed. |
| May 27, 2020 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses will be permitted to testify.  Within the 14-day period thereafter, Defendant must make its experts available for deposition by Plaintiff. |
| June 12, 2020 | Mediation must be completed. The Court has appended the Order of Referral to Mediation to this Order. |
| July 13, 2020 | All <u>expert</u> discovery must be completed. |
| July 27, 2020 | All *Daubert* motions and accompanying memoranda of law must be filed. |
| August 12, 2020 | (a) A Joint Pretrial Stipulation must be filed.  The stipulation must conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, <u>not to exceed one short paragraph per litigant claim</u>, to be read as an introduction for *voir dire* examination.  The Court will not accept unilateral pretrial stipulations, and will strike *sua sponte* any such submissions.  Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties must file a certification with the Court stating the circumstances.  On receipt of such certification, the Court will issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the Court's order.  A copy of the joint pretrial stipulation must be emailed to Cooke@flsd.uscourts.gov, in MS Word, format at the time of filing; and<br><br>(b) A Joint Summary of the Parties' Motion(s) *In Limine* must be **separately filed**.  The joint summary must contain a cover page providing the style of the case and an index of the motion(s) *in limine*.  For each evidentiary issue, the joint summary must include: |

|  | a one-page argument identifying the evidence sought to be excluded or included at trial and citing legal authority supporting exclusion or inclusion; and a one page response to the argument citing legal authority in support of admission or exclusion of the disputed evidence.  The parties must work together to prepare the joint summary, and are encouraged to resolve evidentiary issues through stipulation.  **Motions *in limine* will not be accepted in any other form.** |
|---|---|
| August 27, 2020 | (a) Final proposed jury instructions and verdict form must filed.[1]  The parties must submit a SINGLE, JOINT set of proposed jury instructions and verdict form, though the parties need not agree on the proposed language of each or any instruction or question on the verdict form.  Where the parties do agree on a proposed instruction or question, that instruction or question must be set forth in Calisto MT 14-point typeface.  Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object must be italicized.  Instructions and questions proposed only the defendant(s) to which the plaintiff(s) object must be bold-faced.  Each jury instruction must be typed on a separate sheet and must be supported by citations of authority.  Each disputed jury instruction must also state the basis for the objection(s) at the bottom of the sheet, before the citations of authority.  In preparing their requested jury instructions, the parties may utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.  A copy of the proposed jury instructions and verdict form must be emailed to Cooke@flsd.uscourts.gov, in MS Word format, at the time of filing; <br><br>(b) A trial witness list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination; <br><br>(c) A list of witnesses with some identifying information (address or place of employment) to provide to jury; and <br><br>(d) Proposed *voir dire* questions specific to the case (general *voir dire* questions should not be included). <br><br>(e) Any proposed deposition designations, cross-designations, and objections therein. Parties must submit their designations in one table, with columns listing the witnesses' names, the deposition |

---

[1]     If this action is to be set for a bench trial the Parties are directed to submit proposed findings of fact and conclusions of law in lieu of proposed jury instructions.

| | |
|---|---|
| | dates, the proposed designations by page and line, and any objections using the codes listed in Local Rule 16.1(e)(9). |

4. **Trial Instructions**. All exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically preceded by the letter "P." Defendant's exhibits must be marked numerically preceded by the letter "D." For example, Plaintiff's exhibit will be marked P-1, P-2, P-3 etc. Likewise, Defendant's exhibit will be marked D-1, D-2, D-3 etc. A typewritten exhibit list setting forth the number and letter, and description of each exhibit must be submitted at the time of trial. The parties must submit said exhibit list on Form AO 187, which is available from the Clerk's office.

5. **Motions for Extensions and Continuance**. Barring the most compelling circumstances, **the Court will *not* grant *any* motions for extensions of time or a continuance**. A motion for continuance will not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency arises, a motion for continuance will not be considered if not filed at least 14 days prior to the date on which the trial calendar is scheduled to commence.

6. **Formatting**. In addition to complying with Local Rule 5.1, any motion and accompanying memorandum of law *must not exceed a combined length of 20 pages*, all non-dispositive motions *must be accompanied by a proposed order*, and all motions, memoranda of law, proposed orders, and other documents created for the Court's review *must be uploaded from a PDF document created within MS Word* (and *not* from a scanned PDF document). Finally, motions, memoranda of law, proposed orders, and other documents created for the Court's review *must adhere to the following specifications*:

    a.     12 pt. Calisto MT font;
    b.     One inch margins on all sides;
    c.     1/2 inch tab setting;
    d.     1.5 Line Spacing;
    e.     Full Justified;
    f.     Conforming to the exemplar order attached to this Order;
    g.     Filed electronically with the corresponding motion; and
    h.     In the case of proposed orders, e-mailed as a Microsoft Word (.doc)

document to cooke@flsd.uscourts.gov. The subject line of the e-mail must include: (i) <u>case number</u>, (ii) <u>case name</u>, and (iii) <u>docket entry number</u> of the corresponding motion. Failure to comply with these requirements may result in the motion being denied without prejudice.

      7.      **Settlement**. If this case is settled, counsel are directed to inform the Court promptly by calling Chambers and submitting an appropriate motion for settlement approval and conditional stipulation of dismissal, according to Federal Rule of Civil Procedure 41(a)(1), within ten days of notification of settlement to the Court as set forth in Paragraph 10. The case will remain on the trial calendar until the Court enters an order dismissing the action.

      8.      **Non-Compliance**. Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein to insure an expeditious resolution of this cause.

      9.      **Resolution without the Court.** Should the matter be settled or otherwise resolved between the Parties, a notice indicating the same must be filed immediately.

      10.      **Election to Magistrate Judge Jurisdiction.** Within 30 days from the date of this Order, the parties must jointly complete and file with the Court the Election to Jurisdiction By a United States Magistrate Judge for Final Disposition of Motions Form appended to this Order. The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If the parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, the parties must jointly file the election form appended to this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of December 2019.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62194-Civ-COOKE/HUNT

YAZAN SALEH,

    Plaintiff,

vs.

CHASE BANK USA, N.A.,

    Defendant.

_____/

## ELECTION TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs           Yes \_\_\_\_\_   No \_\_\_\_\_
2. Motions for Attorney's Fees Yes \_\_\_\_\_   No \_\_\_\_\_
3. Motions for Sanctions       Yes \_\_\_\_\_   No \_\_\_\_\_

_____    _____
(Date)          (Signature-Plaintiff's Counsel)

_____    _____
(Date)          (Signature-Plaintiff's Counsel)

_____    _____
(Date)          (Signature-Defendant's Counsel)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62194-Civ-COOKE/HUNT

YAZAN SALEH,

    Plaintiff,

vs.

CHASE BANK USA, N.A.,

    Defendant.
_____/

**ELECTION TO JURISDICTION BY A**
**UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

    In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge conduct any and all further proceedings in the case, including TRIAL, and entry of final judgment with respect thereto.

_____    _____
(Date)    (Signature-Plaintiff's Counsel)

_____    _____
(Date)    (Signature-Plaintiff's Counsel)

_____    _____
(Date)    (Signature-Defendant's Counsel)

_____    _____
(Date)    (Signature-Defendant's Counsel)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62194-Civ-COOKE/HUNT

YAZAN SALEH,

      Plaintiff,

vs.

CHASE BANK USA, N.A.,

      Defendant.

_____/

## TITLE OF ORDER

THIS MATTER is before the Court upon [**Plaintiff/Defendant, insert name(s),**] Motion for..., [**DE (insert docket entry number)**], filed [**insert date**].

The Court, having reviewed the Motion and being advised fully in the premises, hereby

ORDERS and ADJUDGES as follows:

[**Insert text of proposed judgment and order.**]

DONE and ORDERED in chambers, at Miami, Florida, this __ day of [**insert month**], 2012.

 

                                                    MARCIA G. COOKE
                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-62194-Civ-COOKE/HUNT

YAZAN SALEH,

    Plaintiff,

vs.

CHASE BANK USA, N.A.,

    Defendant.

_____/

### ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter for the two-week period commencing **September 14, 2020**, under Federal Rule of Civil Procedure 16 and Southern District Local Rule 16.2, it is hereby

**ORDERED and ADJUDGED** as follows:

1.    All parties are required to participate in mediation. The mediation must be completed by **June 12, 2020**.

2.    Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, will be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties must agree upon a mediator within 15 days from the date of this Order and notify the Court. If there is no agreement, Plaintiff's counsel must promptly notify the Clerk in writing and the Clerk will designate a mediator from the List of Certified Mediators, which designation will be made on a blind rotation basis.

3.    The parties must agree on a place, date, and time for mediation convenient to the mediator, counsel of record, and any unrepresented parties. The Plaintiff's attorney must complete the attached proposed Order Scheduling Mediation and submit it to the Court no later than 30 days before the mediation.

4.    The appearance of counsel and each party, or a representative of each party with full authority to enter into a full and complete compromise and settlement, is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, must attend.

5.    All discussions, representations, and statements made at the mediation conference will be confidential and privileged.

6.	At least ten days prior to the mediation date, all parties must present to the mediator a brief written summary of the case identifying issues to be resolved. Copies of these summaries must be served on all other parties.

7.	The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of this Order. The mediator must report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8.	The mediator will be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2(b)(7), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The parties will share the cost of mediation equally unless otherwise ordered by the Court.

9.	If a full or partial settlement is reached in this case, counsel must promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by the filing of a notice of settlement signed by counsel of record within ten (10) days of the mediation conference. Thereafter the parties must forthwith submit an appropriate pleading concluding the case.

10.	Within five days following the mediation conference, the mediator must file a Mediation Report indicating whether all required parties were present. The report must also indicate whether the case settlement (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

11.	If mediation is not conducted, sanctions may be imposed.

**DONE and ORDERED** in chambers at Miami, Florida, this 12th day of December 2019.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*
*Counsel of record*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-62194-Civ-COOKE/HUNT**

YAZAN SALEH,

    Plaintiff,

vs.

CHASE BANK USA, N.A.,

    Defendant.

_____/

**ORDER SCHEDULING MEDIATION**

The mediation conference in this matter must be held with _____ on _____, 20___, at _____ .m. at _____ _____, Florida.

ENTERED this _____ day of _____ 2018.

_____
MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

Copies furnished to: